IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DAVID WAYNE WILSON,         ) | |
| )| |
|    Plaintiff,         ) | |
| )| CIVIL ACTION NO. |
|    v.         ) | 2:16cv929-MHT |
| )| (WO) |
| CORIZON MEDICAL SERVICE,         ) | |
| et al.,         ) | |
| )| |
|    Defendants.         ) | |

## ORDER

Before the court is plaintiff David Wayne Wilson's unverified *pro se* complaint (doc. no. 1), in which he moves for issuance of a temporary restraining order and a preliminary injunction. Wilson did not set forth the facts supporting his motion in a verified complaint[1] or an affidavit.[2]

---

1. A verified complaint contains a declaration signed by the plaintiff under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the facts stated in the complaint are true. If executed within the United States, a complaint may be verified with a statement that takes substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Accordingly, upon consideration of the motion, it is ORDERED that the motion for temporary restraining order (doc. no. 1) is denied without prejudice for failure to comply with the procedural requirements of Rule 65(b)(1) of the Federal Rules of Civil Procedure, which provides:

> (b) Temporary Restraining Order:
>
> > (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> >
> > > (A) specific facts *in an affidavit or a verified complaint* clearly show that

Executed on (date).   (Signature)."   28 U.S.C. § 1746(2).

2. An affidavit is a notarized written declaration, sworn to and signed under penalty of perjury, that is used to support or oppose a motion. The affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.  See Fed. R. Civ. P. 56(c).  Under 28 U.S.C. § 1746, when "any rule" calls for an affidavit sworn before a notary, an unsworn written statement made without a notary is sufficient, so long as it includes the signed statement: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."  28 U.S.C. § 1746(2).

2

>immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the [movant] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

The motion for preliminary injunction (doc. no. 1) remains pending.

DONE, this the 2nd day of December, 2016.

                                /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE