IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DAVID WAYNE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:16cv929-MHT |
| ) | (WO) |
| CORIZON MEDICAL SERVICE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by plaintiff David Wayne Wilson, a state inmate, in which he challenges the constitutionality of medical treatment provided to him at the Hamilton Aged and Infirmed Facility.  Upon review of the complaint, the court finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

1. Upon initiation of this case, Wilson did not file the applicable filing fee nor did he submit an original affidavit in support of a motion for leave to

A 42 U.S.C. § 1983 "civil action may be brought in--(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought[.]"  28 U.S.C. § 1404(a).

---

proceed in forma pauperis with the requisite documentation from the inmate account clerk at the Hamilton Aged and Infirmed Facility.  However, under the circumstances of this case, the court concludes that assessment and/or collection of any filing fee

2

The Hamilton Aged and Infirmed Facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Cannon complains occurred or are occurring in the Northern District of Alabama.  Moreover, it is clear from the complaint that defendant Givens and all individuals personally involved in Cannon's medical treatment reside in the Northern District of Alabama.  Although, by virtue of their positions as Commissioner of the Alabama Department of Corrections and Associate Commissioner of Health Services, defendants Jefferson Dunn and Ruth Naglich reside in the Middle District of Alabama, they are nonetheless subject to service of process throughout the State and commonly defend suits in all federal courts of this State.  With respect to the only remaining proper defendant in this action, Corizon Medical Service, it is also subject to service by each

---

should be undertaken by the United States District Court for the Northern District of Alabama.

3

federal court of this state and routinely defends cases brought against it in these courts.

Under the circumstances of this case, the relevant evidence and those individuals with personal knowledge of the medical treatment provided to Wilson at the Hamilton Aged and Infirmed Facility are located in the Northern District of Alabama.  Consequently, in the interest of justice and for the convenience of the parties this case is due to be transferred to the United States District Court for the Northern District of Alabama for review and determination.[2]

Accordingly, it is ORDERED as follows:

1.   This case is transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.

2.   The motion for preliminary injunction (doc. no. 1) is left for resolution by the transferee judge.

---

2.   In transferring the instant case, this court makes no determination with respect to the merits of the plaintiff's claims for relief nor whether he is

4

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 5th day of December, 2016.

                                    /s/ Myron H. Thompson
                                UNITED STATES DISTRICT JUDGE

---

entitled to the relief sought in his motion for preliminary injunction.